IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.S., *by and through his parents*, RAYMOND AND SHEILA SCOTT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF MISSOURI )<br>)<br>MISSOURI STATE BOARD OF EDUCATION )<br>)<br>MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION )<br>)<br>STATE SCHOOLS FOR THE SEVERELY HANDICAPPED )<br>)<br>JEFFERSON R-7 SCHOOL DISTRICT )<br>)<br>Defendants. ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through counsel, files this Complaint against Defendants, and states as follows:

### INTRODUCTION

1. C.S. is a student, at all relevant times herein, enrolled at the Mapaville State School for the Severely Handicapped ("**Mapaville**"). C.S. has attended Mapaville since the Autumn of 2005. Mapaville is part of the Missouri "State School" system, operated by the Missouri Department of Elementary and Secondary Education.

2. C.S. has been diagnosed with Lissencephaly, Schissencephaly, Hypotonic quadriplegic Cerebral Palsy, Cortical Visual Impairment, intractable epilepsy, among other conditions, and is a severely handicapped person protected by relevant provisions of the Missouri and

1

Federal Constitutions, IDEA, the Americans with Disabilities Act, and the other state and federal law. Furthermore, C.S. is eligible to receive, and Mapaville is obligated to provide him with, special education services under the Individuals with Disabilities Education Act as amended, 20 U.S.C. § 1400, *et seq.* ("**IDEA**").

3. Defendants collectively have failed C.S. and violated their obligations to him through a persistent pattern of profound incompetence, willful neglect, gross misjudgment, and reckless indifference to his rights.

4. Mapaville has materially failed to implement necessary and critical components of C.S.'s educational program, as he has been subjected to verbal and physical abuse and neglect at school.

5. C.S. has been denied a free appropriate public education as required by Mo. Rev. Stat § 162.670, and the state and federal regulations implementing IDEA, in that the education provided is trivial, de minimis, meaningless, and of no educational benefit. Mapaville suffers from chronic inadequate supervision, staff apathy, lack of training, underskilled service providers, undertrained teachers and aides, a sadistic school nurse, and untended classrooms, all of which, among other things, result in an apathetic educational environment which has resulted in a trivial and meaningless education with resultant emotional, and at times physical, abuse of C.S.

6. Among other things, the lack of sufficient support services and personalized instruction and the corresponding systemic failure to implement, develop, or effectuate Individualized Education Programs ("**IEP**"), results in a failure to provide a free appropriate public education ("**FAPE**").

7. C.S.'s claims for relief are the result of acts perpetrated by staff, administration, as well as state entities charged with duties under state and federal law. The school and relevant state

entities are liable for the acts stated herein for failing to supervise their agents, and for its policy, practice, and custom of reckless indifference to instances of known and obvious neglect, and failure to adhere to the public policy of the State of Missouri. The need for appropriate training, supervision, and staff placement is so obvious, the Department of Elementary and Secondary Education acted with deliberate indifference to C.S.'s rights.

8. Mapaville suffers from systemic inadequacies. Mapaville has evolved into a perfect storm of neglect, wherein staff has been unsupervised and unaccountable for failure to effectuate IEP goals or otherwise treat the students with human dignity. Staff curse and degrade parents in front of students. The school nurse is uncaring and cruel. Almost twenty five percent (25%) of the students at Mapaville were pulled from the school in 2008 as a result of the systemic deprivations.[1]

9. The proximate result of the systemic problems is the denial of a FAPE to C.S., and the abridgement of other rights as denominated in this Complaint.

---

1. [1] During Student's matriculation, the following conditions, among others, have been witnessed at Mapaville:
   - IEP goals are completely ignored for days at a time
   - Parents and students are degraded and humiliated in front of students by teachers and aides
   - Teachers and aides lack the physical, mental, and emotional capacity to provide support services, care, and oversight to effectuate IEP goals or otherwise provide a meaningful education
   - Students manhandled and mistreated
   - Teachers and Aides using profanity in front of students, cursing students, and directing them to "shut up"
   - Educational records falsified
   - School Nurse attempting to induce student into seizure by ringing bell in ear
   - Teachers and Aides unsupervised by administration
   - Students left unattended on toilets
   - Students left in wheelchairs all day without adequate physical exercise

10. C.S.'s teachers and aides and the school nurse have degraded him and his family during class time and in his presence, failed and/or refused to feed C.S. as per his IEP, allowed C.S. to be subjected to the sadistic abuse of the school nurse, smacked and/or allowed him to be smacked without reporting the same, allowed C.S. to remain soaked with urine, and left C.S. to sit for hours without any interaction.

11. C.S. filed an administrative due process complaint seeking an impartial hearing and relief tailored to his individual educational needs and the broad systemic problems at the school. Specifically, C.S. sought, at a minimum, (A) compensatory educational services, (B) the installation of supervisory audio/visual recording or streaming devices at public areas of the school, (C) all litigation costs and attorneys fees.

12. After conducting a hearing, the Chief Hearing Officer issued and Order finding, *inter alia*, that the State School Defendants failed to provide C.S. with a FAPE during the 2007-08 school year, that C.S.'s teacher was not properly qualified, that C.S.'s aides engaged in "grossly inappropriate" behavior, and that C.S.'s parents were "justified" in removing C.S. from the State School; however, the Order denied C.S.'s request for audio-visual surveillance at Mapaville, but did require certain other compensatory services be provided for C.S.

13. C.S. appeals that Order herein for failing to grant all of the relief to which C.S. is seeking and to which he is entitled, and likewise asserts additional causes of action.

## THE PARTIES

14. Plaintiff C.S. ("**Student**" or "**C.S.**") has been enrolled as a full-time student in the State School for the Severely Handicapped since 2005. Student is eligible to receive special education and related services pursuant to the IDEA, and is a protected individual pursuant to applicable provisions of the Missouri and Federal Constitutions, the Rehabilitation Act, and the Americans with Disabilities Act.

15. Defendant State of Missouri guarantees all its citizens a fundamental right to an education.

16. Defendant Missouri State Board of Education ("**State Board**") is the state agency responsible for supervising instruction in the public schools of the State of Missouri with general authority for public education in the State.

17. The Missouri Department of Elementary and Secondary Education ("**DESE**") is a state agency responsible for the accreditation and management of public schools in the State of Missouri. DESE likewise is charged with responsibility to supervise and operate the State Schools for the Severely Handicapped, including Mapaville.

18. State Schools for the Severely Handicapped ("**SSSH**" or "**Mapaville**") is a component department of DESE, which named itself as party Respondent in the captions to this matter in the administrative process below.

19. Defendant Jefferson R-7 School District ("**District**") is a public school district organized under the laws of the State of Missouri located in Jefferson County, Missouri.

20. At all times referenced herein, Defendants acted under color of the laws, statutes, regulations, policies, customs, practices and usages of the United States and the State of Missouri, and pursuant to their authority as public officials.

21. Defendants and each of them acted individually, and by and through their employees and agents who were at all times pertinent hereto acting within the scope of their agency and employment.

22. Upon information and belief, the Defendants, and each of them, maintain a policy of insurance with respect to tort claims filed against them, and therefore, to the extent that the Defendants may attempt assert a defense of sovereign immunity with respect to any claim raised herein, it has waived such claim under the provisions of § 537.610 R.S.Mo. by maintaining such policy of insurance.

## JURISDICTION AND VENUE

23. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, in that the case arises under federal law, including the Individuals with Disabilities Education Act, as amended, 20 U.S.C. § 1400 *et seq.* ("**IDEA**"). 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C § 1331 expressly confer jurisdiction on this Court. To the extent asserted herein, this Court has supplemental jurisdiction to hear pendent state law claims under 28 U.S.C. § 1367.

24. Venue is proper in this Court under 20 U.S.C. § 1391(b) because the Defendants are located and can be found in Jefferson County, Missouri, which is within the jurisdiction of this judicial district, and all of the events and omissions that are the subject of this Complaint occurred within this judicial district.

25. Plaintiff demands trial by jury on all claims triable by jury pursuant to Fed. R. Civ. P. 38 (b).

## PROCEEDINGS BELOW

26. Pursuant to 20 U.S.C. § 1415(b)(6) and 1415(f)(1), whenever there is an issue relating to the provision of a FAPE, a student may present a complaint to be heard in an ostensibly impartial administrative proceeding known as a "due process hearing," conducted by the state educational agency.[2]

27. Student, through his parent, filed a due process complaint on March 20, 2008.

28. SSSH filed its response essentially denying the allegations.

29. A due process hearing was held, and an Order was issued on December 8, 2008. A true and correct copy of the Due Process Hearing Decision is attached hereto as <u>Exhibit 1</u> and incorporated herein by this reference.

---

[2] Normally, where a student matriculates in a school district, the student chooses a panel member, the school district chooses a panel member, and the state educational agency appoints a chairperson. Here, though, because the state educational agency operates the SSSH, it appointed two (2) members (i.e., a majority).

6

## FACTUAL ALLEGATIONS

30. Student was, at all relevant times herein, a student at Mapaville.

31. During the relevant time period, Student was neglected at Mapaville on a regular basis to sit without interaction.

32. Student's IEPs were not implemented during the statutory time period, in material and significant part.

33. Student deserves compensatory educational services for the failure to implement his IEPs as required.

34. Increased related-services minutes would provide a compensatory benefit based on lack of classroom instruction during the 2006-2008 school years.

35. Given the systemic supervisory inadequacy at Mapaville, the school needs audio/visual monitoring.

36. Given the systemic violation of Student's Constitutional rights, which violations arise, in part, out of the very nature and structure of the State School system, the SSSH should be closed and Student should be referred back to his school district.

## CAUSES OF ACTION

### COUNT I

### (APPEAL OF DUE PROCESS ORDER)

37. The above allegations are incorporated as if fully set forth herein.

38. Student is a party aggrieved by the Due Process Order within the meaning of 20 U.S.C. § 1415(i)(2)(A).

39. The Order erred in placing the burden of proof with respect to implementation of Student's IEP on Petitioner.

40. The Order erred by declining to order audio/visual monitoring services be placed in the State School.

41. The Order erred by failing to require the removal of Barb Poposky, Kathy Pope, Marsha Adams, Judy Barber, Diane Stillwell, Sally Forchee from the State School.

42. The Order was deficient in that it did not require the implementation and proper enforcement of a zero tolerance policy with respect to physical and/or verbal abuse.

43. The Order was deficient in that all of the relief sought by Student, and to which Student is entitled, was not ordered.

## COUNT II

## (§ 504 REHABILITATION ACT CLAIM)

## (STATE, SSSH, DESE, STATE BOARD, DISTRICT)

44. The above allegations are restated as if the same were fully set forth herein.

45. Student is a qualified individual with a disability under the Rehabilitation Act.

46. As a result of his disability, Student is unable to vocalize the neglect, abuse, and denial of FAPE at Mapaville.

47. In addition to the infirmities stated above, Mapaville, through the Department of Elementary and Secondary Education and State Board of Education, does not have an adequate supervisory apparatus, or adequate personnel, to ensure that students receive proper care or education.

48. Defendants knew about the inadequacies at Mapaville, and yet failed through a persistent pattern of intransigence to remedy the situation, and in fact covered up the apathetic educational environment, by concealing the failure to implement Student's educational program.

49. Defendants' policy and practice of hiring incompetent and unqualified instructors (including, "long-term substitutes" without college degrees) exhibits gross misjudgment.

50. Based on the above gross misjudgment, profound incompetence, inadequate supervision, and neglect, Student has been denied reasonable accommodations for him to receive the full benefits of his school program.

51. As a result of the above gross misjudgment, inadequate supervision, staffing, and neglect, Student has been excluded from the participation in, denied the benefits of, and subjected to intentional discrimination with respect to, his public education program.

52. The State School, by and through the Department of Elementary and Secondary Education, has failed to provide necessary oversight, accommodations, training, and other measures, and has done so based on Student's disability.

53. Defendants receive federal financial assistance.

54. Defendants systematically discriminated against Student by virtue of its refusal to implement audio/video, independent monitoring and/or surveillance of classrooms, and the pattern and practice of inadequate funding of State Schools, including Mapaville.

55. Defendant School District systematically discriminated against Student by continuing to exclude him from the District, and placing him in the State School program which suffers from systemic infirmities, and did so by reason of Student's disability in violation of the public policy of the State of Missouri which requires that students be educated in the least restrictive environment and with non-disabled peer whenever possible.

56. Defendants exhibited gross misjudgment and bad faith in allowing the aforementioned discriminatory practices to persist over a period of years.

57. Defendants failed to provide a FAPE to Student.

58. Twenty-four hour audio and video surveillance (or some independent monitoring scheme) is a necessary and reasonable accommodation to permit adequate public oversight.

59. Because of the systemic discrimination and the continued and persistent failure to provide Student with the a FAPE, the State Schools should be closed and enjoined from operating, and Student should be referred back to his school district.

## COUNT III

## (AMERICANS WITH DISABILITIES ACT CLAIM)

## (STATE, SSSH, DESE, STATE BOARD, DISTRICT)

60. The above allegations are restated as if the same were fully set forth herein.

61. Student is a qualified individual with a disability under the Americans with Disabilities Act.

62. As a result of his disability, Student is unable to vocalize the neglect, abuse, and denial of FAPE at Mapaville.

63. In addition to the infirmities stated above, Mapaville, through the Department of Elementary and Secondary Education, do not have an adequate supervisory apparatus, or adequate personnel, to ensure that students receive proper care or education.

64. Based on the above inadequate supervision, neglect, and failure to provide FAPE, Student has been denied reasonable accommodations for him to receive the full benefits of his school program.

65. As a result of the above inadequate supervision, staffing, and neglect, Student has been excluded from the participation in, denied the benefits of, and subjected to discrimination with respect to, his public education program.

66. The State School, by and through the Department of Elementary and Secondary Education, has failed to provide necessary oversight, accommodations, training, and other measures, and has done so based on Student's disability.

67. The State School discriminated against Student by virtue of its refusal to implement audio/video, independent monitoring and/or surveillance of classrooms.

68. Defendants knew about the inadequacies at Mapaville, and yet failed through a persistent pattern of intransigence to remedy the situation, and in fact covered up the apathetic educational environment, by a hiding and failing to disclose the failure to implement Student's educational program.

69. Defendant School District discriminated against Student by continuing to exclude him from the District, and placing him in the State School program which suffers from systemic infirmities, and did so by reason of Student's disability in violation of the public policy of the State of Missouri which requires that students be educated in the least restrictive environment and with non-disabled peer whenever possible.

70. Twenty-four hour audio and video surveillance (or some independent monitoring scheme) is a necessary and reasonable accommodation to permit adequate public oversight.

## COUNT IV

## (U.S.C. § 1983 EQUAL PROTECTION CLAIM & PETITION FOR DECLARATORY RELIEF)

## (STATE, SSSH, DESE, STATE BOARD, DISTRICT)

71. The above allegations are restated as if the same were fully set forth herein.

72. Student received intentionally different treatment from other similarly situated individuals or groups in that, among other things, the State School does not provide the oversight, resources, training, or attention to its students that disabled students in school districts receive; furthermore, the State School does not receive funding adequate to provide educational services that similarly situated individuals or groups receive.

73. In addition to the infirmities stated above, the State Schools for the Severely Handicapped, through the Department of Elementary and Secondary Education, do not have an adequate supervisory apparatus, adequate personnel, or properly qualified teachers to ensure that students receive proper care or education.

74. The facts stated herein were in furtherance of an official policy or ratification of systematic practices which violate Student's well-established federal constitutional rights and the rights of children with disabilities, and are in deliberate indifference to those rights.

75. Defendants systematically failed to provide competent staff, to train its staff or to supervise its staff and contractors to prevent the deprivation of FAPE to Student, or to ensure the lack of discrimination in delivery of essential educational services.

76. Defendants discriminated against Student by virtue of its refusal to implement audio/video, independent monitoring and/or surveillance of classrooms, and the pattern and practice of inadequate funding of State Schools, including Mapaville.

77. Defendant School District discriminated against Student by continuing to exclude him from the District, and placing him in the State School program which suffers from systemic infirmities, and did so by reason of Student's disability in violation of the public policy of the State of Missouri which requires that students be educated in the least restrictive environment and with non-disabled peer whenever possible.

78. Student has been damaged as a direct and proximate result of the Defendants' actions, causing physical pain, trauma, and regression, pain of the mind, including without limitation, mental anguish, inconvenience, humiliation, embarrassment, and loss of enjoyment of life.

79. Defendants policy and custom of placing several disabled students in systematically underfunded, improperly monitored, and incompetently staffed State Schools has caused the aforementioned damages and should be enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests Judgment as follows:

(A) Reverse the Due Process Order;

(B) Declare that the Order erred for the reasons stated herein, or for such reasons as the Court deems appropriate;

(C) Declare that Student was denied a FAPE during the statutory time period;

(D) Declare that Student's placement at the SSSH violates the federal equal protection clause;

(E) Order DESE to install audio/video monitoring of all classrooms and hallways at the State Schools for the Severely Handicapped, including the Mapaville State School;

(F) Enjoin DESE from operating the SSSH, and Order that C.S. be placed back in his school district;

(G) Order DESE to pay for compensatory educational services as deemed appropriate;

(H) Award reimbursement for reasonable attorney's fees and costs incurred in connection with the due process proceeding and with this federal court action in an amount as determined in the discretion of this Court as authorized by 20 U.S.C. § 1415(i)(3)(B), and other federal claims asserted herein;

(I) Award Plaintiff actual damages in an amount that is fair and reasonable;

(J) Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jonathan P. Beck
Jonathan P. Beck #501736
The Law Offices of Jonathan P. Beck, LLC
3206 Shenandoah Avenue
St. Louis, Missouri 63104
Tel: (314) 772-2889
Fax: (314) 772-2892
jpbeck@jpbecklaw.com